UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PNC BANK, NATIONAL
ASSOCIATION,

    Plaintiff,

v.                                                                                          Case No: 5:15-cv-162-Oc-30PRL

JOSHUA W. SCROGGIE, as Trustee
under Land Trust Agreement dated
May 12, 2005, MICHAEL T. OWEN,
an individual, and J. STEVE
RUDNIANYN, an individual,

    Defendants.
_____/

# FINAL JUDGMENT OF FORECLOSURE

THIS CAUSE came before the Court upon the Motion for Entry of Final Judgment of Foreclosure and for Appointment of a Master to Conduct Foreclosure Sale (the "Motion") filed by Plaintiff, PNC Bank, National Association ("PNC Bank") (Doc. 18), which the Court granted. (Doc. 19). The Court, having reviewed the record, including the Consent to Entry of Judgment of Foreclosure and Waiver of Defenses (Doc No. 17), and being otherwise fully advised in the premises, concludes that PNC Bank is entitled to final judgment of foreclosure.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. This Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332.

2. PNC Bank is a citizen of Delaware, and Defendant Joshua W. Scroggie, as Trustee under Land Trust Agreement dated May 12, 2005 ("Scroggie, as Trustee"), is a citizen of Florida.

3. The address of Plaintiff is PNC Bank, National Association, c/o Wendy Nelson, 9430 Bonita Springs Rd., 2nd Floor, Bonita Springs, FL 34135.

4. The last known address of Scroggie, as Trustee, is 101 N.E. First Avenue, Ocala, FL 34470.

5. Final Judgment is hereby GRANTED in favor of Plaintiff and against Scroggie, as Trustee, on Count I of the Complaint (Doc. 1).

6. On the Renewal Note for Business and Commercial Loans that is the subject of this action (the "Note"), as more particularly described in the Complaint (Doc. 1), there is now due and owing to Plaintiff from Scroggie, as Trustee, as of February 16, 2016:

| | |
|---|---|
| Principal: | $ 2,370,680.98 |
| Interest (through 02/16/2016): | $ 2,001,226.46 |
| Late Charges: | $ 98,866.10 |
| Advances for Property Taxes: | $ 107,529.65 |
| Appraisal and Environmental Inspection Fees: | $ 9,925.00 |
| Asset Search Fee: | $ 700.00 |
| **Total:** | **$ 4,588,928.19** |

(with interest continuing to accrue at the rate of $1,185.34 per diem) which total amount, pursuant to 28 U.S.C. § 1961, shall bear interest at the current applicable rate from the date of this Final Judgment.

7. Final Judgment of Foreclosure on Count II of the Complaint is hereby GRANTED in favor of Plaintiff and against Scroggie, as Trustee, on the Mortgage and Security Agreement recorded at Official Records Book 4310, Page 0511, of the Public Records of Marion County, Florida, as modified (the "Mortgage and Security Agreement"), and the Collateral Assignment of Leases and Rents recorded at Official Records Book 4310, Page 0520, of the Public Records of Marion County, Florida, as modified (the "Collateral Assignment of Leases and Rents").   Plaintiff holds a lien for the total sum in paragraph 2 superior to all claims or estates of Scroggie, as Trustee, and those claiming by, through, under, or against him, on the real property in Marion County, Florida, together with all fixtures located on or in such property (the "Property") described as follows:

    **1.1**    **All of the land in Marion County, Florida, described below:**

**PARCEL #24241-000-00**

**SEC 02 TWP 15 RGE 22**
**THAT PART OF THE FOL DESCR LYING OUTSIDE CITY LIMITS:**
**E 1/2 OF NW 1/4 & N 1/2 OF SW 1/4 & EXC COM CENTER SEC FOR POB S 200 FT E 848.57 FT S 45 DEG 11' 10" E 1587.47 FT N 1324.63 FT W 1973.07 FT TO POB & EX W 500 FT OF NW 1/4 OF SW 1/4 LYING N OF FPL R/W EX S 400 FT OF N 1/2 OF SW 1/4 N & W OF RR & EX E 1/2 OF NW 1/4 E OF RR & EX COM INT S 400 FT OF N 1/2 OF SW 1/4 & E ROW NE 36TH AVE TH B 210 FT E 416 FT S 210 FT W 416.93 FT TO POB**

**PARCEL #24241-000-01**

**SEC 02 TWP 15 RGE 22**
**THAT PART OF PARCEL NO. 24241-000-00 LYING INSIDE CITY LIMITS:**
**EXC BEG AT NW COR OF BLK A LOT 2 TH N 30-55 W 200 FT TH N 89-46-05 E 217.80 FT TH S 0-30-55 E 200 FT TH S 89-46-05 W 217.80 FT TO POB & EXC COM AT THE SE COR OF SW 1/4 OF**

3

**SEC 2 TH N 00-06-29 E 1245.21 FT TO THE POB TH N 68-48-13 W 712.74 FT TO A PT BEING ON THE ARC OF A CURVE CONCAVE NWLY HAVING A RADIUS OF 1949.39 FT A CENTRAL ANGLE OF 06-44-21 TH NELY ALONG THE ARC 229.29 FT TH S 68-48-13 E 523.75 FT TH S 00-06-29 W 214.36 FT TO POB & EXC COM AT SW COR OF SE 1/4 OF SEC 2 TH N 00-05-59 W 25 FT TH N 89-36-23 E 200 FT TO THE POB TH N 89-36-23 E 459.31 FT TH N 00-05-42 W 1299.57 FT TH N 89-37-24 E 1316.25 FT TH N 45-14-16 W 1588.03 FT TH S 89-42-02 W 824.09 FT TO A PT BEING ON THE ARC OF CURVE BEING CONCAVE NWLY HAVING A RADIUS OF 1949.39 FT A CENTRAL ANGLE OF 28-19-57 TH SWLY ALONG THE ARC OF CURVE 963.96 FT TH S 69-00-41 E 523.75 FT TH S 00-05-59 W 134.45 FT TH N 89-37-24 E 200 FT TH S 00-05-37 E 1299.70 FT TO THE POB & EXC BEGIN AT THE NE COR OF LOT 2 BLK A RUFF SUB (V-70) TH N 89-45-12 W 199.36 FT TH N 00-00-27 W 200 FT TH N 89-45-12 W 212.80 FT TH N 00-00-27 W 230.38 FT TH S 68-35-03 E 1773.29 FT TH N 89-45-12 W 1238.63 FT TH N 00-00-27 W 210 FT TO THE POB.**

**MORE PARTICULARLY DESCRIBED AS FOLLOWS: COMMENCE AT THE S.W. CORNER OF THE N.W. 1/4 OF SECTION 2, TOWNSHIP 15 SOUTH, RANGE 22 EAST; THENCE N.89°26'59"E., ALONG THE SOUTH BOUNDARY OF SAID N.W. 1/4, 500.55 FEET TO THE POINT OF BEGINNING. THENCE CONTINUE N.89°26'59"E., ALONG SAID SOUTH BOUNDARY, 824.42 FEET TO A POINT ON THE WEST BOUNDARY OF THE EAST 1/2 OF SAID N.W. 1/4; THENCE N.00°10'39"W., ALONG SAID WEST BOUNDARY, 2690.17 FEET TO A POINT ON THE SOUTH RIGHT OF WAY LINE OF N.E. 35TH STREET (60 FEET WIDE); THENCE N.89°45'30"E., ALONG SAID SOUTH RIGHT OF WAY LINE, 752.66 FEET TO A POINT ON THE WESTERLY RIGHT OF WAY LINE OF SEABOARD COASTLINE RAILROAD (100 FEET WIDE); THENCE S.17°14'07"E., ALONG SAID WESTERLY RIGHT OF WAY LINE, 1797.72 FEET TO THE POINT OF CURVATURE OF A 1849.98 FOOT RADIUS CURVE, CONCAVE WESTERLY, HAVING A CHORD BEARING AND DISTANCE OF S.14°41'46"W. 1956.92 FEET; THENCE SOUTHERLY ALONG THE ARC OF SAID CURVE, THROUGH A CENTRAL ANGLE OF 63°51'46", A DISTANCE OF 2062.02 FEET TO A POINT ON THE NORTH BOUNDARY LINE OF "NE 36TH AVENUE INDUSTRIAL PARK" AS RECORDED IN PLAT BOOK 'T', PAGE 24 OF THE PUBLIC RECORDS OF MARION COUNTY, FLORIDA; THENCE S.89°46'05"W., ALONG SAID NORTH**

**BOUNDARY, 415.00 FEET TO A POINT ON THE CENTERLINE OF A 200 FOOT FLORIDA POWER CORPORATION RIGHT OF WAY; THENCE N.69°04'56"W., ALONG SAID CENTERLINE, 1774.69 FEET TO A POINT ON THE EAST RIGHT OF WAY LINE OF N.E. 36TH AVENUE; THENCE N.00°32'33"W., ALONG SAID EAST RIGHT OF WAY LINE, 104.80 FEET; THENCE DEPARTING SAID RIGHT OF WAY LINE, S.69°10'15"E., 504.12 FEET; THENCE N.00°23'02"W., 351.19 FEET TO THE POINT OF BEGINNING. SAID LANDS BEING SITUATE IN MARION COUNTY, FLORIDA.**

**together with each and every tenement, hereditament, easement, right, power, privilege, immunity and appurtenance thereunto belonging or in anywise appertaining, and any and all reversions, remainders, estates, rights, title, interests and claims of any Mortgagor whatsoever in law as well as in equity in and to all or any part of the foregoing (the "Lands"), and any and all buildings and other improvements now or hereafter located on any part thereof (the "Improvements"):**

**1.2     All fixtures now or hereafter located on the Lands or affixed to the Improvements (the "Fixtures");**

**1.3     All insurance policies maintained with respect to any of the foregoing, including all proceeds thereof and any rights to any refund of premiums thereunder**

**1.4     All rents, profits, issues, leases and revenues of any of the foregoing from time to time accruing, whether under leases or tenancies now existing or hereafter created, together with all leases and rights under leases; provided however that permission is hereby given to Mortgagor, so long as there is no default hereunder, to collect, receive and use current rents no more than 30 days in advance;**

**1.5     All judgments, awards of damages, and settlements hereafter made resulting from condemnation proceedings or the taking of any of the foregoing or any part thereof or of any right or privilege accruing thereto, including without limitation any and all payments from voluntary sale in lieu of condemnation of the exercise of eminent domain;**

**1.6     All proceeds, products and replacements of or accessions to any of the foregoing.**

8. If the total sum with interest at the rate described in paragraph 2 and all costs accrued subsequent to this judgment are not paid, the master, Philip J. von Kahle (the "Master"), shall sell the Property at a public sale in the first floor lobby of the Golden-Collum Memorial Federal Building & U.S. Courthouse, 207 N.W. Second Street, Ocala, Florida 34475, at a date and time to be determined by the Master, to the highest bidder for cash, certified check or cashier's check made payable to the Clerk of this Court, except as prescribed in paragraph 9, in accordance with 28 U.S.C. § 2001 and § 2002. Plaintiff shall publish notice of sale once a week for at least four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in the county wherein the Property is situated, in accordance with 28 U.S.C. § 2002. Plaintiff or its attorney also may cancel or reschedule the sale by filing a motion with the Court and may seek to reschedule the sale to a later date.

9. Plaintiff shall advance all subsequent costs of this action, including any fees and costs of the Master associated with the sale. Plaintiff may file an affidavit of additional attorneys' fees and costs prior to the sale. Plaintiff may credit bid up to the full amount of this Final Judgment, plus interest, as set forth in paragraph 2 above, plus any additional attorneys' fees and costs supported by affidavit or separate order entered prior to the sale, without being required to deposit any cash in connection with the sale. The successful bidder shall deliver a deposit to the Master of not less than ten (10) percent of the successful bid price at the time of sale and the balance of the bid price shall be delivered to the Master in cash, certified check or cashier's check made payable to the Clerk of Court no later than 5:00 p.m. on the day following the sale. Should the highest bidder at the sale fail to tender

the full bid amount in a timely manner, the Property shall be sold to the next highest bidder timely tendering said next highest bidder's full bid amount, without the necessity of any further sale or advertising.

10. Upon receiving the bid amount from the purchaser of the Property, the Master shall deposit any proceeds of the sale with the Clerk of this Court and shall file a report of sale with the Court, stating the date of the sale, the name and address of the winning bidder, the amount of the bid, the proceeds, if any, deposited with the Clerk, and the Master's fees and costs, which sale is subject to confirmation by the Court.

11. If no objections to sale are filed within fourteen (14) days of the filing of the report of sale, the Plaintiff shall file a motion for an order confirming the sale and instructing the Master to issue a Certificate of Title or Deed for the Property to the purchaser of the Property at the sale, and for distribution of any proceeds received from the sale by the Clerk.

12. Upon confirmation of the sale by the Court, the Master shall convey to the purchaser a Certificate of Title or Deed, which shall be recorded in the public records of Marion County, Florida. Any documentary stamp taxes due on the Certificate of Title or Deed shall be payable by the party to whom such Certificate of Title or Deed is issued.

13. Unless otherwise ordered by the Court, upon confirmation of the sale, the Clerk of Court shall distribute the remaining proceeds of the sale, so far as they are sufficient, by paying: first, any fees and costs owed to the Master for the sale; second, all of Plaintiff's costs; third, Plaintiff's attorneys' fees; fourth, the total sum due to Plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 2 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this Court.

14.  Upon recording of the Certificate of Title or Deed, Scroggie, as Trustee, and all persons claiming by, through, under, or against him since the filing of the notice of lis pendens shall be foreclosed of all estates or claims in the Property.  Upon recording of the Certificate of Title or Deed, the person named on the Certificate of Title or Deed shall be let into possession of the Property.  If Scroggie, as Trustee, or anyone claiming under or against him remains in possession of the Property, the Clerk of the Court shall upon motion without further order of the Court issue forthwith a writ of possession upon request of the person named on the Certificate of Title or Deed.  On issuance of the Certificate of Title or Deed, the right of redemption of Scroggie, as Trustee, as provided by section 45.0315, Florida Statutes, shall be terminated.

15.  Jurisdiction of this action is retained for one year to enter further orders that are proper, including, but not limited to, confirmation of the foreclosure sale, re-foreclosure of the Mortgage and Security Agreement as to any omitted party or to correct any error in legal description of the Property, entry of a deficiency judgment, any further award of attorneys' fees and costs, and entry of any writs of possession.

16.  The Plaintiff may assign the judgment and/or its credit bid, at its sole discretion, by the filing of an assignment without further Order of the Court.

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.**

**IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE.  IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

**DONE** and **ORDERED** in Tampa, Florida, this 23rd day of February, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record